UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT L. NEMETH, JR., <br><br> Appellant, <br><br> v. <br><br> NEW REZ, LLC, <br><br> Appellee. | Bankruptcy Action No. 20-11413 (MBK) <br><br> **ON APPEAL FROM THE BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** <br><br> Civil Action No. 20-11466 (MAS) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on pro se Appellant Robert L. Nemeth's ("Nemeth") Motion to Reinstate his Notice of Appeal. (ECF No. 4.) The Court provides a brief overview of the relevant procedural posture. On September 28, 2020, the Court dismissed Nemeth's appeal under Federal Rule of Bankruptcy Procedure 8003 (the "Dismissal Order") for Nemeth's failure to timely file a Designation of Contents of Record and Statement of Issues (the "Designation"). (ECF No. 3.) Eight days later, Nemeth filed the instant Motion, which Appellee New Rez, LLC ("New Rez") opposed. (ECF Nos. 4, 6.) In April 2021, the Court denied Nemeth's Motion because he still had not filed the Designation but further ordered Nemeth to file the Designation by May 5, 2021. (ECF No. 7.) Nemeth so filed. (ECF No. 8.) The Court then reopened Nemeth's Motion for consideration. (ECF No. 9.) The parties also filed opening and opposing briefs. (ECF Nos. 10, 11.)

Nemeth does not indicate the legal grounds for which the Court can afford him relief. Liberally construing Nemeth's Motion, the Court views it as a motion for reconsideration of the Court's Dismissal Order. Neither the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy Procedure recognize a reconsideration motion. That said, courts have considered these motions under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure

59(e), which authorize courts to "alter or amend a judgment." Fed. R. Bankr. P. 9023; Fed. R. Civ. P. 59(e); *see also In re Purington*, No. 12-4135, 2013 WL 322572, at *2 (D.N.J. Jan. 28, 2013). Under those rules, reconsideration motions must assert "at least one of the following grounds" for departing from the original judgment: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted . . . judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

With that standard in mind, the Court turns to Nemeth's Motion. The Motion does not clearly state any of the grounds for altering the Court's Dismissal Order. Specifically, Nemeth's Motion provides that Nemeth's failure to timely file the Designation was due to "inadvertent error" and "unintentional oversight." (Appellant's Mot. ¶ 4, ECF No. 4.) New Rez urges the Court to not reconsider the Dismissal Order because Nemeth's "failure to adhere to the rules of Court is an ongoing pattern of behavior that has prejudiced" New Rez. (Appellee's Opp'n Br. 3, ECF No. 6.) Although the Court agrees that negligence and failure to understand court rules is generally not proper grounds to alter a judgment, the Court will grant Nemeth's Motion to prevent manifest injustice. *See Purington*, 2013 WL 322572, at *3 (granting reconsideration motion to prevent injustice where the appellant failed to timely file designation of record). Notably, Nemeth timely filed the Designation in response to the Court's order, and both parties have already filed opening and opposing briefs. (*See* ECF Nos. 8, 10, 11.) Further, the Court notes that Nemeth is proceeding

pro se and that it may relax procedural rules where "adherence would result in . . . injustice." L. Civ. R. 83.2(b).[1]

**IT IS THEREFORE**, on this 9th day of November 2021, **ORDERED** as follows:

1. Nemeth's Motion to Reinstate (ECF No. 4) is **GRANTED**.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] The Court stresses, however, that Nemeth shall comply will all applicable rules going forward given that this appeal has been pending for more than a year.