<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT L. NEMETH, JR., | Bankruptcy Action No. 20-11413 (MBK) |
| Appellant, | **ON APPEAL FROM THE BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| v. | |
| NEWREZ LLC, | Civil Action No. 20-11466 (MAS) |
| Appellee. | **MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on pro se Appellant Robert L. Nemeth's ("Nemeth") appeal from the bankruptcy court's final order (the "Dismissal Order") dismissing his Chapter 13 bankruptcy. (*See* ECF No. 1.) Nemeth filed an opening brief (ECF No. 10), and Appellee Bank of New York Mellon (the "Bank") opposed (ECF No. 11).[1] Nemeth did not reply. The Court has carefully considered the parties' submissions and decides this matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the bankruptcy court's Dismissal Order.

**I.    BACKGROUND**

The Court briefly recounts the facts relevant to this appeal. In 2003, Nemeth took out a $124,000 30-year mortgage, which was subsequently assigned to the Bank. (A194, A212.)[2] In

---

[1] The Bank avers that it is the real party in interest and that the named appellee, NewRez LLC, is a mortgage servicer. (*See* Appellee's Opp'n Br. 6, ECF No. 11.)

[2] Citations reflect the pagination in Nemeth's Designation of Record. (*See* ECF No. 8-1.)

2016, Nemeth stopped making mortgage payments and defaulted. (*See* A220-27.) In the subsequent foreclosure action in state court, Nemeth argued that the Bank lacked standing and disputed the validity of the underlying mortgage note and assignment. (A236-41 (denying that Nemeth "receiv[ed] a loan from [the Bank] or any entity in the falsified and fabricated [n]ote and [m]ortgage" and requesting that "Complaint be [d]ismissed with [p]rejudice for lack of standing"); A261-75 (arguing that the Bank "lacks standing to foreclose" and that "[t]he assignment is a fraud upon the court and clear act of self dealing, a criminal act, [and] in violation of [the] Nemeths' due process rights").) The state court rejected Nemeth's arguments and entered a final judgment of foreclosure for approximately $136,000 in May 2019. (A308-09.)

Eight months later, Nemeth filed for Chapter 13 bankruptcy. (A001-26 (Chapter 13 bankruptcy petition).) In April 2020, Nemeth filed an objection to the Bank's proof of claim, noting that "this objection seeks to disallow and expunge certain proof of claim." (A079.) Nemeth's objection again raised the arguments that the Bank lacked standing and that the mortgage note was invalid. (*See generally* A079-A129 (arguing that "[the Bank] has absolutely no standing before this or any court" and that "the Proof of Claim is fraudulent, lacks sufficient supporting documentation as to its validity[,] and has no basis in the books and records").) For their part, the Bank, the Trustee, and several other creditors objected themselves to Nemeth's proposed Chapter 13 plan and responded to Nemeth's objection (*see* A027-78, A130-381); Nemeth, however, did not respond to those objections. Ultimately, the bankruptcy court dismissed Nemeth's Chapter 13 bankruptcy for "failure to file a feasible plan, income and/or budget statement," "lack of prosecution," and "failure to resolve Trustee and/or creditor objection." (A416-17.)

Following dismissal, on August 24, 2020, Nemeth appealed two separate orders from the bankruptcy court to this Court. (ECF No. 1.) The first is an August 4, 2020 order that vacated the

2

automatic stay as to the Bank; the second is the August 24, 2020 Dismissal Order. Citing "maxims of equity," Nemeth urges reversal of these orders because the underlying mortgage note was invalid and because the bankruptcy court erroneously concluded that the *Rooker-Feldman* doctrine applied. (*See generally* Appellant's Opening Br., ECF No. 10.) The Bank counters that the bankruptcy court properly dismissed Nemeth's bankruptcy for failure to submit a viable plan and that the bankruptcy court properly applied the *Rooker-Feldman* doctrine. (*See generally* Appellee's Opp'n Br., ECF No. 11.)

## II.  **LEGAL STANDARD**

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a "clearly erroneous" standard, where factual findings may only be overturned "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (internal quotation marks and citation omitted). Legal conclusions, on the other hand, are subject to de novo, or plenary, review by the district court. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).

Settled law counsels that courts must "liberally construe[]" pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal

3

pleadings drafted by lawyers'" (citations omitted)). Pro se litigants, nevertheless, "still must allege sufficient facts in their complaint[] to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.  DISCUSSION**

At the onset, the Court has both jurisdictional and substantive concerns with Nemeth's appeal. *First*, the Court does not have jurisdiction to hear Nemeth's appeal to the extent it attacks the bankruptcy court's August 4, 2020 order. The reason is one of timeliness—Nemeth filed his appeal 18 days after the entry of the bankruptcy court's August 4, 2020 final order even though the Federal Rules of Bankruptcy Procedure mandate filing appeals within 14 days. *See* Fed. R. Bankr. P. 8002(a)(1). That untimely appeal divests the Court of jurisdiction. *See In re Caterbone*, 640 F.3d 108, 110 (3d Cir. 2011) ("[W]e hold that the prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional . . . ." (citing *Bowles v. Russell*, 551 U.S. 205, 214-15 (2007))).[3] *Second*, Nemeth's opening brief flouts Federal Rule of Bankruptcy Procedure 8014, which, among other requirements, mandates a "concise statement of the case . . . identifying the rulings presented for review" and an argument that "must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the

---

[3] Indeed, the Supreme Court recently held that adjudications on motions for relief from automatic stays are appealable, final orders. *See Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 592 (2020); 16 Wright & Miller, Federal Practice and Procedure § 3926.2 (2021) ("Automatic-stay rulings by a bankruptcy judge or appellate panel should be appealable as final decisions."). To be sure, the parties briefed the issue of vacating the stay as to the Bank, and the bankruptcy court heard oral argument on the issue. *See In re Energy Future Holdings Corp.*, 949 F.3d 806, 817 (3d Cir. 2020) (noting that *Ritzen* concluded that orders arising from stay proceedings were final because they "initiate[] a discrete procedural sequence, including notice and a hearing" (quoting 140 S. Ct. at 589)); 1 Collier on Bankruptcy ¶ 5.09 (16th ed. 2021) (analyzing *Ritzen* and noting that "stay relief adjudication" is also final when the motion is granted especially because "an easier case can be made for this result as stay relief can result in serious negative consequences for the debtor that cannot be undone").

record on which the appellant relies." Fed. R. Bankr. P. 8014(a)(6), (8). Far from just a matter of procedure, this rule serves a substantive purpose, and "district court[s] may, in [their] discretion, deem an argument waived" if not properly briefed. *In re Trans World Airlines, Inc.*, 145 F.3d 124, 132 (3d Cir. 1998) (further noting that Bankruptcy Rule 8014 "provid[es] the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal" (quoting *In re Gulph Woods Corp.*, 189 B.R. 320, 323 (E.D. Pa. 1995))). Nemeth's opening brief raises virtually indecipherable arguments about equity that render the Court unable to properly determine precisely what Nemeth is appealing.

Nevertheless, given Nemeth's pro se status, the Court will assume that Nemeth is appealing the bankruptcy court's findings for dismissal and application of the *Rooker-Feldman* doctrine. Applying *de novo* review, the Court affirms both. As to the first, the bankruptcy court found that "failure to file a feasible plan, income and/or budget statement," "lack of prosecution," and "failure to resolve Trustee and/or creditor objection." (A416-17.) Nemeth does not expressly brief any objections to these findings. Nor does the Court's own review of the record reveal anything that would merit reversal of these findings. Indeed, the record shows that Nemeth filed his Chapter 13 petition in January 2020 and never responded to various objections citing the plan's infeasibility.[4] Thus, the Court affirms this finding.

---

[4] The record reflects numerous objections to Nemeth's Chapter 13 bankruptcy petition. (*See, e.g.*, A028 ("Debtor's Plan fails to list Movant as a secured creditor and does not provide for payment of the pre-petition arrears or on-going, post-petition, mortgage payments to Movant."); A076 (noting that Chapter 13 petition listed secured creditor as unsecured and "fails to provide for the payment of regular post-petition payments to Creditor"); A378 (noting that Nemeth failed to supply Trustee with numerous documents and that the Chapter 13 plan "proposes an order of distribution that is contrary to the Trustee's recommended order of distribution, and does not provide for equal monthly payments").)

As to the second issue, Nemeth contends that "*Rooker-Feldman* does not deprive a [b]ankruptcy court of jurisdiction to hear an objection over the Proof of Claim." (Appellant's Opening Br. 21.) Nemeth is incorrect. The record reflects that the state court considered and rejected the issues of standing and validity of the mortgage. (*See* A308-09.) Nemeth requested that the bankruptcy court consider those precise issues. (*See* A079-129.) Were the bankruptcy court to weigh in on those issues and hold differently, it "would reduce the state court judgments to nullities," which is "precisely what *Rooker-Feldman* prohibits." *See In re Knapper*, 407 F.3d 573, 582 (3d Cir. 2005). Indeed, just like the bankruptcy court here, numerous courts have declined jurisdiction when state courts have already adjudicated the underlying issue. *See, e.g., Farzan v. Bayview Loan Servicing, LLC*, No. 20-3330, 2021 WL 613843, at *7 (D.N.J. Feb. 17, 2021) (applying *Rooker-Feldman* where appellant "clearly attempts to 'change the state court result' through [federal court] action" (citation omitted)); *Lawson v. Deutsche Bank Nat'l Tr. Co.*, No. 18-14855, 2019 WL 4386746, at *4 (D.N.J. Sept. 13, 2019) ("[L]egal claims are not magically converted into equitable issues by their presentation to a court of equity." (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 52 (1989)). The Court thus affirms the bankruptcy court's application of the *Rooker-Feldman* doctrine.

## IV.   CONCLUSION

The Court affirms the bankruptcy court's Dismissal Order. It lacks jurisdiction to consider the bankruptcy court's August 4, 2020 order. The Court will enter an order consistent with this Memorandum Opinion.

                                              /s/ Michael A. Shipp
                                            MICHAEL A. SHIPP
                                            UNITED STATES DISTRICT JUDGE